UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DISTRIBUTION ONE, LLC ) | CASE NO. 11-05861-JKC-11 |
| ) | |
| DEBTOR. ) | |

**FIRST DAY MOTION (a) FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING DEBTOR TO OBTAIN POST-PETITION FINANCING; AND (b) TO SCHEDULE A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001**

Distribution One, LLC ("Debtor"), by counsel, pursuant to 11 U.S.C. §§ 105, 362, 363 and 364, Fed. R. Bankr. P. 4001(c) and 9013, and Local Rules S.D. Ind. B-4001-2 and B-9013-3, respectfully requests (a) an Interim and Final Order Authorizing Debtor to Obtain Post-Petition Financing, (b) A Final Hearing pursuant to Bankruptcy Rule 4001 on the following grounds:

## BACKGROUND

**A.     The Chapter 11 Filing**

1.     The Debtor filed its voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on May 9, 2011 (the "Petition Date"). The Debtor continues to operate its business as a debtor-in-possession pursuant to sections §§ 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed, and no committees have been appointed or designated.

2.     The Court has jurisdiction over this matter pursuant to 11 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.     The statutory predicates for the relief requested herein are sections 105(a), 362,

363 and 364 of the Bankruptcy Code, Rules 4001(c) and 9013 of the Federal Rules of Bankruptcy Procedure and Local Rules S.D. Ind. B-4001-2 and B-9013-3.

4.     Since 2007 the Debtor has operated a business in Indianapolis, Indiana, consisting of waterworks distribution and supply.

5.     In order to continue operation post-petition, the Debtor requires working capital, including funds for purchase of materials and inventory and to pay employees and vendors, and does not have sufficient funds on hand, available credit, or ability to obtain adequate unsecured credit allowable under §503(b)(1) of the Bankruptcy Code as an administrative expense for such purposes. The preservation and maintenance of the Debtor's ongoing business operations is critical to a successful reorganization of the Debtor's business.

6.     The Debtor desires to enter into a Revolving Accounts Receivable Funding Agreement (the "Funding Agreement") with Gibraltar Business Capital, LLC ("Gibraltar"). A true and correct copy of the proposed Funding Agreement is attached hereto as **Exhibit "A."** Pursuant to the Funding Agreement, Debtor desires to execute a demand promissory note in favor of Gibraltar (the "Note"), a true and correct copy of which is attached as **Exhibit "B."**

**B.     Summary of Essential Terms and Disclosures Pursuant to Fed. R. Bankr. P. 4001(c)(1)(B) and Local Rule B-4001-2(b)-(c)**

7.     Gibraltar is willing to provided Debtor financing on a post-petition basis by purchasing and advancing money for Debtor's eligible accounts receivable ("Accounts"), up to an aggregate principal amount of $1,500,000.00 (the actual available principal amount at any time being subject to the terms, conditions and reductions set forth in the Funding Agreement).

8.     Interest on the outstanding indebtedness under the Funding Agreement is 14.75% per annum plus the Prime Rate in effect at the end of each month, never less than 3.25% per

2

annum. Under the terms of the Funding Agreement, Debtor shall pay Gibraltar a closing cost of two percent (2%) of the maximum indebtedness, $1,500,000.00. All interest shall be paid monthly.

9. Customers of the Debtor shall be directed to make payment to Gibraltar's lock box, and the amounts received therein will be applied to Seller's indebtedness then existing. Pursuant to Section 7 of the Funding Agreement, in the event any Account purchased by Gibraltar from the Debtor remains unpaid after ninety (90) days, and in certain other circumstances, Gibraltar would have the right to require the Debtor to repurchase any Account, with respect to which the Debtor retains all risk of non-payment. Pursuant to Section 9 of the Funding Agreement, in the event of default, Gibraltar may require repurchase of all Accounts, along with payment of damages, costs and collection remedies and other remedies.

10. The Funding Agreement shall expire at the end of fourteen (14) months and shall be automatically renewed unless Debtor provides written notice at least sixty (60) days but not more than ninety (90) days before the end of the initial or any renewal term.

11. In further consideration of the Funding Agreement, to secure all indebtedness arising from the Funding Agreement and/or Note, Gibraltar requires first, senior and prior security interests and liens pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, and priming liens pursuant to section 364(d) of the Bankruptcy Code, in the following assets of Debtor, now existing or hereafter acquired, whether acquired pre-petition or post-petition:

> Personal and fixture property, wherever located, including without limitation, all Accounts, Chattel Paper, Inventory, Equipment, Instruments, Investment Property, Documents, Deposit Accounts, Commercial Tort Claims, Letters-of-credit Rights, General Intangibles including Payment Intangibles, Software, Trademarks, Tradenames, Customer Lists, Supporting Obligations, and to the extent not listed herein, all proceeds and products of the foregoing, including

without limitation, insurance proceeds, lock box contents and proceeds. (the "Collateral").

12. As further security for the Funding Agreement, Gibraltar requires an administrative super priority claims with respect to the Debtor's obligations under the Funding Agreement and Note, senior to all other administrative expense claims in this case, including claims arising under §§105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 546(c), 1113 and 1114 of the Bankruptcy Code.

13. As additional security for the Funding Agreement, Gibraltar requires the major shareholders of Debtor to execute personal guaranties (the "Guaranties"). True and correct copies of the Guaranties are attached hereto as **Exhibit "C"**.

14. Debtor has conducted a search of the public UCC filings with the Indiana Secretary of State. Aside from those creditors that have identified equipment that is being leased, the only two creditors with active filings are Watts Water Technologies and HD Supply Water Works. Although not listed in the largest twenty (20) unsecured creditors, Debtor shall serve a copy of this Motion upon these entities.

### RELIEF REQUESTED

15. By this Motion, the Debtor seeks entry of the interim and final Orders, *inter alia*:

   a. Authorizing the Debtor to enter into the Funding Agreement and Note and to secure debtor-in-possession financing up to the aggregate principal amount of $1,500,000.00;

   b. Authorizing the Debtor to execute all such documents, instruments and agreements as are required to implement the terms of any final or interim Order, and to perform such other and further acts as may be required in connection with the Funding Agreement;

   c. Granting security interests, liens and superpriority claims (including a

        superpriority claim pursuant to Section 364(c)(1) of the Bankruptcy Code, liens on the Collateral pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, and priming liens on the Collateral pursuant to section 364(d) of the Bankruptcy Code to the Collateral) in favor of Gibraltar to secure the Funding Agreement;

d.    Modifying the automatic stay imposed by section 362 of the Bankruptcy Code as required to permit Gibraltar to implement the terms of any interim or final Order and, upon the occurrence and during the continuance of an Event of Default, to exercise all rights and remedies in the Funding Agreement;

e.    Schedule a final hearing ("Final Hearing") to be held no later than thirty (30) days after entry of the Interim Order, to consider entry of the Final Order and establish notice procedures in respect of the Final Hearing; and

f.    All other just and proper relief.

## BASIS FOR RELIEF REQUESTED

16.    Section 364 of the Bankruptcy Code, provides, in pertinent part:

(c)    If the trustee is unable to obtain unsecured credit allowable under section 503(b)(1) of this title as an administrative expense, the court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt—

        (1)    with priority over any or all administrative expenses of the kind specified in section 503(b) or 507(b) of this title;

        (2)    secured by a lien on property of the estate that is not otherwise subject to a lien; or

        (3)    secured by a junior lien on property of the estate that is subject to a lien.

(d)

        (1)    The court, after notice and a hearing, may authorize the obtaining of credit or the incurring of debt secured by a senior or equal lien on property of the estate that is subject to a lien only if—

            (A)    the trustee is unable to obtain such credit otherwise; and

            (B)    there is adequate protection of the interest of the holder of the lien

>   on the property of the estate on which such senior or equal lien is proposed to be granted.
>
> (2) In any hearing under this subsection, the trustee has the burden of proof on the issue of adequate protection.

17. Having determined that financing was available only under sections 364(c) and (d) of the Bankruptcy Code, the Debtors negotiated the Funding Agreement at arm's length and pursuant to their business judgment and fiduciary duties. Provided that this judgment does not run afoul of the provisions and policies of the Bankruptcy Code, courts grant a debtor considerable deference in acting in accordance with its business judgment. See, e.g., Brav v. Shenandoah Fed. Sav. & Loan Ass'n (In re Snowshoe Co.), 789 F.2d 1085, 1088 (4th Cir. 1986); In re Ames Department Stores, 115 B.R. 34, 40 (S.D.N.Y. 1990) ("cases consistently reflect that the court's discretion under section 364 is to be utilized on grounds that permit reasonable business judgment to be exercise so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit parties in interest.").

18. The proposed Funding Agreement and Note have been negotiated in good faith and at arm's length by the Debtor and Gibraltar within the meaning of 11 U.S.C. § 364(e) of the Bankruptcy Code. In light of the foregoing, Gibraltar should be accorded the benefits and protections of Section 364(e) of the Bankruptcy Code with respect to the Funding Agreement; specifically, any loans, advances or other financial accommodations that Gibraltar makes or causes to be made from time-to-time to the Debtor on the terms and conditions set forth in the Funding Agreement should be deemed to have been made and provided in "good faith" as the term is used in section 364(e) of the Bankruptcy Code, and shall be entitled to the full protection

of 364(e) of the Bankruptcy Code in the event that the DIP Orders or DIP Loan or any provision are hereafter modified, vacated, amended or stayed by subsequent order of this Court or any other court without the express consent of Gibraltar.

19.     The Funding Agreement is for the benefit of the Debtor's estate and creditors. Such financing is the sole means of preserving and enhancing the Debtor's going concern value. With the credit provided by the Funding Agreement, the Debtor will be able to obtain goods and services in connection with its operations, pay its employees, and operate its business in order to preserve the ongoing value of its business for the benefit of all parties-in-interest.

20.     To avoid immediate and irreparable harm to the estate pending a final hearing on the Motion, the Debtor requests, after an appropriate preliminary hearing as provided in Bankruptcy Rule 4001(c)(2), the entry of an Interim Order in the form attached hereto as **Exhibit "D,"** authorizing the post-petition financing arrangement described herein, and payments to Gibraltar pursuant to the proposed financing arrangement until a final hearing may be conducted, and the entry of a Final Order following such final hearing. The relief requested herein may be granted on an expedited basis pursuant to Rule S.D. Ind. B-9013-3. As required by Local Rule S.D.Ind. B-9013-3, counsel for the Debtor has provided a copy of this Motion to the Office of the United States Trustee and has given prior notice to the Trustee of its filing; notice of this Motion has further been provided to Gibraltar and the Debtors' Twenty Largest Unsecured Creditors. In light of the nature of the relief requested, the Debtor submits that no further notice is required.

**WHEREFORE**, the Debtor requests that the court enter an Interim Order, and a Final Order upon appropriate notice of hearing pursuant to Bankruptcy Rule 4001, with the following:

(1) Authorizing the Debtor to enter into the Funding Agreement and Note and to secure debtor-in-possession financing up to the aggregate principal amount of $1,500,000.00;

(2) Authorizing the Debtor to execute all such documents, instruments and agreements as are required to implement the terms of any interim or final Order, and to perform such other and further acts as may be required in connection with the Funding Agreement;

(3) Granting security interests, liens and superpriority claims (including a superpriority claim pursuant to Section 364(c)(1) of the Bankruptcy Code, liens on the Collateral pursuant to sections 364(c)(2) and 364(c)(3) of the Bankruptcy Code, and priming liens on the Collateral pursuant to section 364(d) of the Bankruptcy Code to the Collateral) in favor of Gibraltar to secure the Funding Agreement;

(4) Modifying the automatic stay imposed by section 362 of the Bankruptcy Code as required to permit Gibraltar to implement the terms of the DIP Order and, upon the occurrence and during the continuance of an Event of Default, to exercise all rights and remedies in the Funding Agreement;

(5) Schedule a final hearing (" Final Hearing") to be held no later than thirty (30) days after entry of the Interim Order, to consider entry of the Final Order and establish notice procedures in respect of the Final Hearing; and

(6) All other just and proper relief.

Respectfully submitted,

HOSTETLER & KOWALIK, P.C.
Attorneys for Debtor

By */s/ James S. Kowalik*
      James S. Kowalik, Atty. #5324-49
HOSTETLER & KOWALIK, P.C.
101 W. Ohio Street, Suite 2100
Indianapolis, IN  46204
317-262-1001; 317-262-1010
jkowalik@hklawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2011, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

United States Trustee         ustpregion10.in.ecf@usdoj.gov
Amber E. Hirsch               Amber.E.Hirsch@usdoj.gov

I further certify that on May 11, 2011, a copy of the foregoing was mailed by facsimile transmission or via overnight mail, and properly addressed to the following:

US Pipe
3300 1st Avenue North
Birmingham, AL  35220

Sullivan Environmental Technologies
4255 Lake Park BLvd., Ste. 100
Salt Lake City, UT  84120

Enviropax, Inc.
P.O. Box 65039
Salt Lake City, UT  84165-0039

Mueller Co.
23418 Network Place
Chicago, IL  60673

Neptune Technology Group
P.O. Box 932957
Atlanta, GA  31193-2957

Star Pipe Products
P.O. Box 642497
Cincinnati, OH  45264-1497

County Materials Corporation
P.O. Box 100
Marathon, WI  54448-0100

Siemens Water Technologies
c/o The Henry P. Thompson Co.
600 Arrasmith Trail
Ames, IA  50010

Kruger, Inc.
401 Harrison Oaks Blvd., Ste. 100
Cary, NC  27513

Corbitt & Sons Construction
8728 Robbins Road
Indianapolis, IN  46268

Francesville Drain Tile
P.O. Box 368
Franvesville, IN  47946

HD Supply Waterworks, Ltd.
1680 Expo Lane
Indianapolis, IN  46214

Living Waters
P.O. Box 402
Monrovia, IN  46157

AA Thread Seal Tape, Inc.
1275 Kyle Court
Wauconda, IL  60084

Siemens Water Technologies
1901 South Prairie Avenue
Waukesha, WI  53189

Hanson Pressure Pipe
P.O. Box 730498
Dallas, TX  75373

ITT Water and Wastewater
7615 West New York St.
Indianapolis, IN  46214

NPC, Inc.
250 Elm Street
Milford, NH  03055

Forrer Supply Company
Lockbox 78326
Milwaukee, WI  53278-0326

Watts Water Technologies, Inc.
815 Chestnut Street
North Andover, MA  01845

Diamond Plastics
P.O. Box 841126
Dallas, TX  75284-1126

Ally Financial
P.O. Box 130424
Saint Paul, MN  55113-0004

Old National Bank
One Main Street
Evansville, IN  47708


/s/ James S. Kowalik
    James S. Kowalik

HOSTETLER & KOWALIK, P.C.
101 W. Ohio Street, Suite 2100
Indianapolis, IN  46204
317-262-1001; 317-262-1010
jkowalik@hklawfirm.com